```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


JERALD C. WALLICK,              )
                                )
                Plaintiff,      )
                                )
vs.                             )    Case No. 06-1346-MLB
                                )
MICHAEL J. ASTRUE,[1]           )
Commissioner of                 )
Social Security,                )
                                )
                Defendant.      )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1

as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. <u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  <u>Glenn</u>, 21 F.3d at 984.

The Social Security Act provides that an individual shall be

determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does

not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II. History of case**

On July 28, 2005, administrative law judge (ALJ) George M.

Bock issued his decision (R. at 15-25).  Plaintiff alleges disability beginning April 14, 2003 (R. at 15).  At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the decision (R. at 16).  At step two, the ALJ determined that plaintiff has the following severe impairments: status-post 2 myocardial infarctions with stenting, coronary artery disease (COPD), and depression (R. at 18).  At step two, the ALJ also determined that plaintiff's back pain, high blood pressure, and alcoholism are not severe impairments (R. at 19).  At step three, the ALJ found that plaintiff's impairments do not meet or equal a listed impairment (R. at 19-20).  After establishing plaintiff's RFC, the ALJ found at step four that plaintiff could not perform past relevant work (R. at 22).  At step five, the ALJ, relying on vocational expert (VE) testimony, found that plaintiff is capable of performing other work in the national economy which exists in significant numbers.  Therefore, the ALJ concluded that plaintiff is not disabled (R. at 22-23).

**III.  Did the ALJ err in his RFC findings?**

The ALJ made the following RFC findings:

> Based on the totality of the evidence, the undersigned finds no evidence to indicate that the claimant is completely or significantly limited from a physical point of view. No physician has ever placed any restriction upon the claimant's ability to lift, walk, stand or sit. There is nothing to indicate that the claimant could not engage

5

> in work activity at the medium exertional
> level, i.e., lifting and/or carrying 50
> pounds occasionally and 25 pounds frequently,
> sitting 6 hours in an 8-hour workday, and
> standing and/or walking 6 hours in an 8-hour
> workday. The claimant could not perform work
> requiring climbing ladders/rope/scaffolds,
> more than occasional stair-climbing,
> balancing, stooping, kneeling, crouching,
> crawling, and should avoid exposure to
> temperature extremes and concentrated
> airborne irritants. In addition, the claimant
> is moderately limited in the ability to
> understand, remember, and carry out detailed
> instructions; and maintain attention and
> concentration for extended periods.

(R. at 21).

According to SSR 96-8p the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant

evidence and linking his findings to specific evidence. <u>Spicer v. Barnhart</u>, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. <u>Cruse v. U.S. Dept. of Health & Human Services</u>, 49 F.3d 614, 618 (10th Cir. 1995).

In this case, a psychological evaluation was performed by Dr. Hugh Brown, a psychologist, on November 18, 2003 (R. at 479-480). Dr. Brown, after interviewing the plaintiff, diagnosed plaintiff with major depressive disorder, single episode, mild. Dr. Brown indicated that plaintiff "did not present as markedly depressed" (R. at 480). Dr. Brown stated the following regarding plaintiff's functional activity:

> At present, his affectivity would most likely cause difficulties understanding, carrying out and remembering instructions and responding appropriately to supervision, coworkers and work pressures.

(R. at 480).

The ALJ noted these findings by Dr. Brown (R. at 17), but, without explanation, failed to explain why most of these findings were not included in plaintiff's RFC. The ALJ found plaintiff moderately limited in the ability to understand, remember, and carry out detailed instructions; and moderately limited in the ability to maintain attention and concentration for extended periods (R. at 21). It therefore appears that the ALJ adopted

the mental limitations contained in a mental RFC assessment prepared by Dr. Pickett, who prepared an RFC assessment based on the medical record and without examining or treating the plaintiff (R. at 481-483).[2]

20 C.F.R. § 1527(d)(1) states that the Commissioner will generally give more weight to the opinion of a medical source who has examined the claimant than to the opinion of a medical source who has not examined the claimant (20 C.F.R. Parts 400 to 499, 2007 at 375). Thus, the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Robinson v. Barnhart, 366 F.3d 1078, 1084 (2004). Furthermore, as SSR 96-8p makes clear, the ALJ must explain how any material inconsistencies in the evidence in the case record were considered and resolved, and when the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. The ALJ offered no explanation for not adopting the opinion of Dr. Brown that plaintiff would most

---

[2] Dr. Pickett also found plaintiff moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (R. at 482). Although this limitation was not included in the ALJ's decision, at the hearing, the ALJ asked the VE to include this limitation in a hypothetical question. In response to that additional limitation, the VE testified that this additional limitation would still allow plaintiff to perform all the jobs previously identified (R. at 657). Therefore, the court finds that the failure to include this additional mental limitation in the decision is harmless error.

likely have difficulty in responding appropriately to supervision, coworkers and work pressures, and understanding, carrying out and remembering instructions.  The ALJ did not include any limitations regarding plaintiff's ability to respond appropriately to supervision, coworkers, or work pressures.  The ALJ did adopt the opinion of Dr. Pickett that plaintiff would have moderate limitations in understanding, remembering and carrying out **detailed** instructions, but the ALJ offered no explanation for not including the broader limitation set forth by Dr. Brown that plaintiff would have difficulties understanding, carrying out and remembering instructions, whether detailed or simple.  The ALJ clearly erred by failing to explain why the opinions of Dr. Brown were not adopted.  The ALJ also erred by, without explanation, giving greater weight to the opinion of a physician who never saw or examined the plaintiff.  As Judge Belot stated in the case of Kency v. Barnhart, Case No. 03-1190-MLB (D. Kan. Nov. 16, 2004, Doc. 21 at 7), S.S.R. 96-8p is defendant's requirement, and ALJs presumably are the experts whose responsibility it is to know and follow defendant's requirements.  Therefore, this case shall be remanded in order for the ALJ to comply with SSR 96-8p.

Plaintiff also argues that the ALJ erred by not explaining the basis for his findings regarding plaintiff's physical limitations.  In the case of Howard v. Barnhart, 379 F.3d 945

(10th Cir. 2004), the court stated that the lack of analysis accompanying the ALJ's RFC determination was troubling, noting that they had urged ALJs previously to include reasoning in their decisions to make appellate review not only possible but meaningful. However, the court went on to find that none of the medical evidence conflicted with the ALJ's conclusion that the claimant could perform light work, and stated that when the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened. The court further found that claimant's testimony about her daily activities and limitations did not suggest that she could not perform light work, and thus concluded that substantial evidence supported the ALJ's RFC determination. Howard, 379 F.3d at 947-948.

In this case, the ALJ's RFC findings adopt all of the physical limitations contained in the RFC opinions expressed by two state agency physicians (R. at 471-478, 527-534), and included some additional limitations not mentioned by either of the two state agency assessments (plaintiff cannot climb and should avoid exposure to temperature extremes and concentrated airborne irritants). No medical evidence indicates that plaintiff has greater physical limitations than those contained by the ALJ in his RFC findings for the plaintiff. Although the additional limitations found by the ALJ are not contained in

either state agency assessment, and the ALJ fails to explain the basis for these additional limitations, the court finds that this failure by the ALJ is harmless error because these additional limitations are to plaintiff's benefit.  However, because the case is being remanded, the ALJ will be expected to comply with SSR 96-8p by setting forth the basis for the physical and mental limitations contained in his RFC findings.

**IV.  Did the ALJ err in his credibility analysis?**

A reviewing court does not weigh the evidence and may not substitute its discretion for that of the agency.  Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler.  White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel,

11

206 F.3d 1368, 1372 (10th Cir. 2000).  An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why.  McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible.  Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  White, 287 F.3d at 909-910.

When this case is remanded, the ALJ will need to make new findings regarding plaintiff's credibility after deciding on the weight that should be accorded to the opinions of Dr. Brown.  In addition, other issues relating to plaintiff's credibility need to be addressed when the case is remanded.  First, the ALJ himself found that plaintiff took "frequent breaks" in caring for his personal needs (R. at 21).  On remand, the ALJ should consider the impact of frequent breaks on plaintiff's ability to work.  Second, the ALJ also relied on a normal chest x-ray on April 14, 2003 to find plaintiff only partially credible (R. at 20).  However, that x-ray was taken on the same day plaintiff was diagnosed with an acute inferior wall myocardial infarction (R.

12

at 213). Thus, on remand, the significance of the x-ray must be examined in light of the diagnosis at the time the x-ray was taken.

Third, the ALJ noted that plaintiff was taking Etodolac, and then stated that it is prescribed for mild to moderate pain, and not for severe pain as alleged by the plaintiff (R. at 21). However, the ALJ does not cite to any evidence to support the assertion that this medication is prescribed only for mild to moderate pain. The ALJ is not entitled to *sua sponte* render a medical judgment without some type of support for his determination. The ALJ's duty is to weigh conflicting evidence and make disability determinations; he is not in a position to render a medical judgment. Bolan v. Barnhart, 212 F. Supp.2d 1248, 1262 (D. Kan. 2002). In the absence of any medical evidence to support the ALJ's assertion that this medication is prescribed only for mild to moderate pain, the court finds that the ALJ overstepped his bounds into the province of medicine. See Miller v. Chater, 99 F.3d 972, 977 (10th Cir. 1996). On remand, the ALJ will be required to articulate the medical basis for this assertion.

Fourth, the ALJ also found that "there is no evidence that plaintiff even needs to take Nitroglycerine" (R. at 21). However, as plaintiff notes in his brief, Nitroglycerine was prescribed for the plaintiff by treating medical sources (Doc. 10

13

at 27 n.10). Therefore, on remand, the ALJ will be required to articulate the basis for his assertion that there is no evidence that plaintiff even needs to take Nitroglycerine in light of the fact it was being prescribed to him by treating medical sources.

**V. Did the ALJ err by not considering the determination of disability by the Veteran's Administration?**

At the hearing, plaintiff testified that he was receiving disability benefits from the VA for a 60% disability due to his heart condition (R. at 644). However, this was not mentioned by the ALJ in his decision. Although another agency's determination of disability is not binding on the Social Security Administration, it is evidence that the ALJ must consider and explain why he did not find it persuasive. Grogan v. Barnhart, 399 F.3d 1257, 1262-1263 (10th Cir. 2005); SSR 06-03p, 2006 WL 2329939 at 6-7.

Defendant argues that no medical evidence or finding of disability by the VA was presented to the ALJ, and plaintiff does not cite to any evidence other than plaintiff's testimony regarding the disability determination by the VA. The ALJ has a duty to develop the record consistent with the issues raised, including the duty to obtain pertinent, available medical records which come to his attention during the course of the hearing. That duty is heightened when the claimant is not represented by counsel. Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir.

14

2006). The ALJ must develop the record consistent with the issues raised, even when the claimant is represented by counsel. Hawkins v. Chater, 113 F.3d 1162, 1168 (10th Cir. 1997). Plaintiff was represented by counsel at the hearing (R. at 638), and plaintiff's counsel elicited plaintiff's testimony regarding the VA disability (R. at 642, 644). Thus, plaintiff clearly raised the issue before the ALJ.

Because this case is being remanded, the court will require plaintiff's counsel to provide or obtain any VA records pertaining to a determination of plaintiff's disability. If necessary, plaintiff can request the assistance of the defendant in obtaining those records. The ALJ shall review those records and make a finding as to the weight accorded to any decision by the VA finding plaintiff disabled.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on September 17, 2007.

                              s/John Thomas Reid
                              JOHN THOMAS REID
                              United States Magistrate Judge